FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 03 2021

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOSE VAZQUEZ**                                                    **PLAINTIFF**

vs.                                    4:21-cv-355-BRW

**RILEY HAYS ROOFING AND**                              **DEFENDANTS**
**CONSTRUCTION, LLC, and RILEY HAYS**

This case assigned to District Judge _Wilson_
and to Magistrate Judge _Volpe_

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Jose Vazquez ("Plaintiff"), by and through his attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendants Riley Hays Roofing and Construction, LLC, and Riley Hays (collectively "Defendant" or "Defendants"), and in support thereof he does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201 *et seq.*, for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees, as a result of Defendants' failure to pay Plaintiff overtime wages as required by the FLSA and AMWA.

### II.    JURISDICTION AND VENUE

2.    The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331

because this suit raises federal questions under the FLSA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4.      The acts and omissions complained of herein were committed and had a principal effect, as described more fully below, within the Central Division of the Eastern District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.     THE PARTIES

5.      Plaintiff is an individual and resident of Pulaski County.

6.      Defendant Riley Hays Roofing and Construction, LLC ("Riley Hays Roofing"), is a domestic limited liability company.

7.      Riley Hays Roofing's registered agent for service of process is Riley Hays at 13423 Kanis Road, Little Rock, Arkansas 72211.

8.      Defendant Riley Hays ("Hays") is an individual and resident of Arkansas.

### IV.     FACTUAL ALLEGATIONS

21.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

22.     Hays is a principal, director, officer and/or owner of Riley Hays Roofing.

23.     Hays took an active role in operating Riley Hays Roofing and in the management thereof.

24.     Hays, in his role as an operating employer of Riley Hays Roofing, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

25.     Hays, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's job entailed.

26.     Defendants' primary business purpose is to provide construction and roofing services, and Defendants employ construction workers, roofers and foremen to accomplish this goal.

27.     Defendants operate from a centralized office in Little Rock but perform construction and roofing for its customers throughout Arkansas.

28.     Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

29.     During each of the three years preceding the filing of this Complaint, Defendants have had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including, but not limited to, construction materials, roofing materials and tools.

30.     At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and the AMWA.

31.     Defendant employed construction workers as 1099 employees to perform services to its customers.

32.     Within three years prior to the filing of this Complaint, Defendants hired Plaintiff, among other individuals, to perform construction duties as a 1099 employee.

33.     Specifically, Plaintiff was employed by Defendant from June of 2019 until August of 2020 as a construction and roofing worker.

34.     At all relevant times herein, Defendants were Plaintiff's employer for purposes of the FLSA and the AMWA.

35.     During the time period relevant to this lawsuit, Plaintiff was first treated as a 1099 "independent contractor" for purposes of the FLSA and the AMWA.

36.     To perform their jobs for Defendants, construction and roofing workers must be trained or oriented to their duties, Defendants' paperwork, processes and methods, customer requirements, and anything else they need to know to perform the work for Defendants.

37.     Defendants exercised comprehensive control over the employment of its construction and roofing workers, including Plaintiff's employment.

38.     Defendants required Plaintiff to follow a fixed schedule in performing his duties.

39.     Plaintiff could not refuse to work on certain assigned construction or roofing projects.

40.     Plaintiff was expected to follow Defendants' dress code and guidelines.

41.     Plaintiff was hired to work for Defendants for an indefinite period of time.

42.     Plaintiff did not share in Defendants' profits.

43.     Plaintiff did not share in Defendants' losses.

44.     Defendants set Plaintiff's pay rate. During the statutory period, Defendants compensated construction and roofing workers, including Plaintiff, a straight-time rate for all hours worked.

45.     Defendants entered into contracts with their customers, and no construction or roofing workers signed contracts with Defendants' customers.

46.     Construction and roofing workers, including Plaintiff, did not submit competitive pricing bids for construction and roofing jobs.

47.     Defendants made decisions on what new business to pursue or take without Plaintiff's or other construction or roofing workers' input.

48.     Construction and roofing workers, including Plaintiff, did not negotiate contracts or prices with Defendants' customers.

49.     Plaintiff and other construction and roofing workers drove company cars and possessed and used company credit cards for business purposes.

50.     Defendants generally did not pay Plaintiff any overtime premium for hours that he worked over forty hours per week.

51.     In other words, Defendant paid Plaintiff his regular hourly rate for all hours worked, even when he worked in excess of forty hours per week.

52.     Defendants knew or should have known that the job duties of Plaintiff required Plaintiff to work hours in excess of forty per week, yet Defendants failed and refused to compensate Plaintiff for his work as required by the FLSA.

53.     At all times relevant hereto, Defendants were aware of the minimum wage and overtime requirements of the FLSA.

## V.    FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

54.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

55.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

56.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

58.    Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

59.    Defendant failed to pay Plaintiff an overtime premium for hours worked over forty per week.

60.    Defendant knew or should have known that its actions violated the FLSA.

61.    Defendants' failure to pay Plaintiff all overtime wages owed was willful.

62.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

63.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable

attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

64.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

65.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     SECOND CLAIM FOR RELIEF—VIOLATION OF THE AMWA

66.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

67.     At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

68.     AMWA Section 211 requires employers to pay all employees 1.5x regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

69.     Defendants failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

70.     Defendants' misclassification of Plaintiff as a 1099 "independent contractor" and subsequent failure to pay him an overtime rate of pay for hours worked over forty in a given week was in violation of the AMWA.

71.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

72.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

73.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jose Vazquez respectfully prays for declaratory relief and damages as follows:

A.      That Defendants be summoned to appear and answer herein;

B.      That Defendants be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

C.      A declaratory judgment that Defendants' practices alleged herein violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

D.     A declaratory judgment that Defendants' practices alleged herein violate the AMWA and attendant regulations;

E.     Judgment for damages for all unpaid overtime compensation under the FLSA, the AMWA and their attendant regulations;

F.     Judgment for liquidated damages pursuant to the FLSA, the AMWA and their attendant regulations;

G.     An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

H.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF JOSE VAZQUEZ**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com